UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARK RITCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5: 14-48-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Carolyn Colvin's motion for entry of judgment and to remand. [Record No. 13] The Acting Commissioner of Social Security asserts that remand of this action for further administrative proceedings is necessary so that the opinions of examining physicians Robert Nold, M.D., and Harry Lockstadt, M.D., may be re-evaluated by an Administrative Law Judge ("ALJ"). More specifically, the defendant contends that the ALJ should: (i) reconsider Plaintiff Mark Richie's residual functional capacity to perform gainful work; (ii) provide an adequate rationale for the plaintiff's established limitations; and (iii) if necessary, expand the record by obtaining supplemental evidence from a vocational expert to clarify the effects of the plaintiff's assessed limitations.

Plaintiff Ritchie opposes the defendant's motion. He asserts that further proceedings are not necessary. Instead, Ritchie argues that judgment should be issued in his favor

because the defendant's motion only addresses a minor portion of the errors committed by the ALJ in the earlier administrative proceedings. [Record No. 15] Ritchie asserts that where, as here, proof of disability is overwhelming, remand would be inappropriate. However, after reviewing the file, the Court concludes that remand for further proceedings is proper.

The plaintiff complains that a number of physical and mental health impairments prevents him from engaging in gainful employment. According to Dr. Lockstadt, Ritchie is permanently limited to light clerical activities that allow alternating sitting, standing and walking. Further, Ritchie's ability to bend or twist through his spine is limited. [*See* Administrative Transcript, hereafter "Admin. Tr.," at pp. 290.] Ritchie was also examined by Dr. Nold in connection with his application for disability insurance benefits in May 2012. In Dr. Nold's opinion, the plaintiff is limited to "light duty and clerical type of activities where he could sit, stand, and walk on his own schedule . . . [and] probably would not be able to do much in the way of bending or twisting because of his lumbar spine problems." [Admin. Tr., at p. 544]

Conversely, Ritchie's family physician Dr. R. Finley Hendrickson completed a form in January 2013 in which he stated that the plaintiff could sit, stand and walk each for 15 to 20 minutes at a time and two hours in an eight hour workday. Further, according to Dr. Hendrickson, Ritchie can lift and carry less than ten pounds occasionally and ten pounds infrequently. [Admin. Tr., at pp. 660-61] According to Vocational Expert Christopher Rymond who testified during the administrative hearing before ALJ Paris, a hypothetical

individual who needed to sit, stand, and walk "according to his own schedule and at his own discretion" would not be able to perform any jobs. [Admin. Tr., at pp. 94-95]

ALJ Paris found that Plaintiff Ritchie had several physical impairments (i.e., severe status-post lumbar fusion, degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, kidney disease, status post nephrectomy, and left shoulder tendinopathy); however, he also concluded that Ritchie's complaints were not fully credible and that he retained the residual functional capacity to perform a reduced range of light, unskilled work. [Admin. Tr., pp. 13-21] While the ALJ gave little weight to Dr. Hendrickson's opinion, he gave significant weight to the opinion expressed by Dr. Nold. However, the ALJ incorrectly stated that Dr. Lockstadt had not provided an opinion regarding Ritchie's limitations.

Under the circumstances presented, the Court concludes that the record does not adequately establish that Ritchie is entitled to the benefits sought. Contrary to Ritchie's assertions, the proof of disability is not overwhelming. As outlined in the defendant's reply, neither Dr. Nold nor Dr. Lockhardt placed specific time limitations on the plaintiff's need to alternate between sitting, standing and walking. Thus, it is not entirely clear that Dr. Nold's opinion would mandate a finding of disability. Further, because the ALJ erroneously overlooked Dr. Lockhardt's opinion, there has been no administrative determination regarding the weight given to that opinion. As a result, on remand, the ALJ will be directed to consider all relevant issues *de novo*, including the evaluation of Ritchie's mental and physical impairments and his credibility. 20 C.F.R. § 404.983.

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), it is hereby

**ORDERED** as follows:

1. The defendant's motion to remand [Record No. 13] is **GRANTED**. The plaintiff's motion for summary judgment [Record Nos. 10] is **DENIED**, without prejudice, as moot.

2. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is **REMANDED** to the defendant for further administrative proceedings consistent with this Memorandum Opinion and Order.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A separate Judgment will be entered this date, consistent with this Memorandum Opinion and Order.

This 20th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge